# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-653V
UNPUBLISHED

| | |
|---|---|
| SEAN M. SULLIVAN,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | Chief Special Master Corcoran<br><br>Filed: February 16, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Vasovagal Syncope |

*Elizabeth Martin Muldowney*, Sands Anderson PC, Richmond, VA, for Petitioner.

*Jennifer A. Shah*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On January 12, 2022, Sean M. Sullivan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he sustained facial, mandibular, and dental trauma after suffering a syncopal event shortly after receiving the influenza (flu) vaccination on September 16, 2020, and resulting in multiple jaw fractures, loss of teeth, and a chin laceration that required sutures. Petition at 1-2. Petitioner further alleges that he received the vaccination within the United States, the vaccine-related sequela required more than six months of treatment, and that neither he, nor anyone on his behalf, has received nor collected an award or settlement of any civil action for damages for his vaccine-related injuries. Petition at 2, 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 24, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent determined that "[P]etitioner has satisfied the criteria set forth in the Table and the Qualifications and Aids to Interpretation ("QAI") for vasovagal syncope following flu vaccination, which require that [P]etitioner establish a loss of consciousness within one hour after administration of the flu vaccine." *Id.* at 6. Respondent further agrees that the scope of damages to be awarded is limited to petitioner's syncope and its related sequelae only. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master
